UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ENDURANCE SPECIALTY
INSURANCE COMPANY

CIVIL ACTION NO. 14-CV-624

VERSUS

JUDGE SHELLY D. DICK

CITY OF BATON ROUGE/
PARISH OF EAST BATON
ROUGE, ET AL.

MAGISTRATE JUDGE RIEDLINGER

RULING

This matter is before the Court on the *Motion to Dismiss or Alternatively Motion to Stay*[1] by Defendant, City of Baton Rouge/Parish of East Baton Rouge ("City/Parish"). Plaintiff, Endurance Specialty Insurance Company ("Plaintiff" or "Endurance") has filed an *Opposition*[2] to the motion. For the reasons which follow, the Court believes a stay is the appropriate action in this matter.

I. **FACTUAL BACKGROUND**

Roger Dies ("Dies") is the owner and operator of Baton Rouge Tank Wash, LLC ("BRTW"). On February 17, 2012, the City/Parish filed a lawsuit in Louisiana state court against BRTW for wastewater dumping activities that resulted in the contamination of the

---

[1] Rec. Doc. No. 7.

[2] Rec. Doc. No. 9.

City/Parish sewer system.[3] On August 15, 2014, Dies entered into a plea agreement with the United States Government and pled guilty in United States District Court to obstruction of justice and failure to report third party wastewater discharge in violation of the Clean Water Act.[4] Based on the admissions in Dies' plea agreement, Endurance filed this Declaratory Judgment Action on October 1, 2014, seeking the Court's declaration that no coverage exists under its policies for the claims of the City/Parish. On November 5, 2014, the City/Parish sought leave to add Endurance as a defendant in the state court lawsuit. The City/Parish now moves to dismiss or alternatively stay this action pending resolution of the state court proceeding.

## II. LAW & ANALYSIS

The Declaratory Judgment Act states: "In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration."[5] Unlike other kinds of cases, over which the district courts have a "virtually unflagging obligation" to exercise their jurisdiction notwithstanding that there is a pending state court action involving the very same issues,[6] the Declaratory Judgment Act "has been understood to confer on federal courts unique and substantial discretion in deciding

---

[3] *City of Baton Rouge v. Baton Rouge Tank Wash, LLC*, Cause No. 609,454, Div. "D", 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

[4] *U.S. v. Dies*, Case No. 3:1-cr-161-SDD-SCR.

[5] 28 U.S.C. § 2201(a).

[6] See *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

Doc 24928    2

whether to declare the rights of litigants."[7] In *Brillhart v. Excess Insurance Company of America*, the Supreme Court recognized district courts' discretion to dismiss a declaratory judgment action when a parallel suit not governed by federal law and presenting the same issues is pending in state court, holding that it would be "uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues ... between the same parties."[8]

In deciding whether to exercise this discretion, the ultimate issue for the Court to decide is "whether the questions in controversy between the parties to the federal suit ... can better be settled in the proceeding pending in state court."[9] In the Fifth Circuit, this decision involves three questions: "(1) is it justiciable; (2) does the court have the authority to grant such relief; and (3) should it exercise its discretion to decide the action based on the factors stated in *St. Paul Insurance Co. v. Trejo*, 39 F.3d 585 (5th Cir.1994)."[10]

The City/Parish contends this action should be dismissed because there is no actual controversy between itself and Endurance at this time. The City/Parish acknowledges that it has sought leave to add Endurance as a defendant in state court proceedings; however, as no order has been signed granting such request, the City/Parish maintains that there is no actual controversy at the present time between itself and Endurance. The Court finds

---

[7] *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). *See also id.* at 288, 115 S.Ct. 2137 (stating that "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration").

[8] 316 U.S. 491, 495, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942).

[9] *Id.*, 316 U.S. at 495.

[10] *AXA Re Property & Casualty Ins. Co. v. Day*, 162 Fed.Appx. 316, 319 (5th Cir. 2006) (citing *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891 (5th Cir. 2000)).

this argument without merit. The Court agrees with the holdings of other district courts that "a federal court does not *lack authority* to consider a declaratory judgment action if no state court action was pending at the time the federal complaint for declaratory relief was filed, regardless of the reason no state court action had been filed."[11]

The Court believes the question in this case is whether it should exercise its discretion to decide the case, or to abstain or stay the case. In *Wilton v. Seven Falls Co.*,[12] the United States Supreme Court explained how district courts should use discretion to abstain from entertaining a declaratory judgment action:

> [I]n deciding whether to enter a stay, a district court should examine the scope of the pending state court proceeding and the nature of defenses open there. This inquiry, in turn, entails consideration of whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding. 515 U.S. at 283, 115 S.Ct. 2137 (internal citations omitted). The Supreme Court reasoned that when another suit "involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court," a court's consideration of the declaratory judgment action may constitute "gratuitous interference." *Id.*

Prior to the *Wilton* decision, the Fifth Circuit set forth a similar abstention analysis in *Travelers Ins. Co. v. Louisiana Farm Bureau Federation, Inc.*[13] The Fifth Circuit has instructed that the following factors are relevant to a court's determination on the abstention issue: (1) whether there is a pending state action in which all of the matters in

---

[11] *Canopius Insurance Inc. v. Arbor Experts, LLC*, 965 F.Supp.2d 777, 781 (S.D. Miss. 2013)(*Cf. Cherokee Ins. Co. v. Babin ex rel. Rogers*, 2007 WL 2381928, at *2 (S.D. Miss. 2007) (observing that "[a]lthough Defendants eventually filed complaints for declaratory relief in state court, at the time this suit was filed, Cherokee was not named in any state court action, and there was no state court action for declaratory relief.").

[12] 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995).

[13] 996 F.2d 774 (5th Cir.1993).
Doc 24928     4

controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing the plaintiff in the declaratory action to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; and (6) whether retaining the lawsuit in federal court would serve the purpose of judicial economy.[14]

Regarding the first factor, the Fifth Circuit has held that: "If [a] federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit."[15] As this will be the case when Endurance is joined in the state lawsuit, the Court finds that this factor weighs in favor of a stay.

With respect to the second and third factors, whether the Plaintiff filed suit in anticipation of a lawsuit filed by the Defendant and whether the Plaintiff engaged in forum shopping in bringing the suit, the Court believes both factors weigh slightly in favor of a stay. While the City/Parish admits to delaying the state court proceeding, it is reasonable that the purpose of delay has been to allow the criminal proceedings against Dies to resolve. The Court is unpersuaded that Endurance did not foresee the likelihood of being joined in the state court proceeding and thus seems to have engaged in forum shopping considering it knew that a state court proceeding involving the same facts and parties was

---

[14] *Id.* at 778. These are also known as the *Trejo* factors as set forth in *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994).

[15] *Sherwin–Williams Co. v. Holmes County*, 343 F.3d 383, 391 (5th Cir. 2003).

available. For these same reasons, the Court finds that the fourth factor weighs in favor of a stay. The Court also finds that factors five through seven weigh in favor of a stay because retaining this lawsuit in this Court would not serve the purpose of judicial economy as it would likely cause the duplication of judicial effort and inconsistent results.

For all of the reasons set forth above, the Court finds that a stay is the proper course of action in this situation. The Court believes a stay is warranted because the state court can comprehensively resolve all of the state law coverage issues in a forum that is just as convenient as this one. Further, there is no reason to believe that the City/Parish's request to add Endurance as a defendant will not be granted such that the state court proceeding presumably will include all of the parties in this matter. Moreover, the Fifth Circuit has instructed that "[a] federal district court should avoid duplicative or piecemeal litigation where possible."[16] If this action were to proceed here, the coverage issues Endurance has asked the Court to resolve would be simultaneously litigated by state and federal courts, which clearly does not serve judicial economy.

The Court also recognizes the Supreme Court's admonition that, "where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy."[17]

Therefore, the Court finds that a stay, rather than dismissal, is the appropriate

---

[16] *Sherwin-Williams*, 343 F.3d at 391.

[17] *Wilton*, 515 U.S. at 288 n. 2, 115 S.Ct. 2143 n. 2; *see also Melancon v. Union Carbide Corp.*, 1998 WL 122610, *7 (E.D.La.1998); *Scottsdale*, 1999 WL 777714 at *7.

course of action in this case.[18]  The City/Parish's *Motion to Dismiss or Alternatively Motion to Stay*[19] is GRANTED as to the alternative relief requested, and this matter is STAYED pending the outcome of the state court litigation.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 23 day of January, 2015.

SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[18] The Court finds support for this opinion for the same reasoning an analysis set forth in *Essex Ins. Co. v. Grefer*, No. 02-0798, 2002 WL 1585604 (E.D. La. July 15, 2002) and *American Security Insurance Company v. Penwright*, 456 F.Supp.2d 753 (E.D. La. 2006).

[19] Rec. Doc. No. 7.